# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEVON EVERETT, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 10-561 |
| v. | ) Judge Schwab |
| | ) Magistrate Judge Eddy |
| NORT, *et al.*, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' motion to dismiss, (Doc. 21), be denied, without prejudice to Defendants raising the statute of limitations defense at summary judgment, if appropriate.

### II. REPORT

Jevon Everett ("Plaintiff") currently is an inmate at the State Correctional Institution at Graterford, Pennsylvania ("SCI-Graterford"). Plaintiff brings this cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*. In his complaint, Plaintiff alleges violations of his constitutional rights by a host of Defendants between April 13 and 29, 2008, while he was confined to the Allegheny County Jail ("ACJ") in Pittsburgh, Pennsylvania. Compl. (Doc. 3)

This complaint was received on May 4, 2010, as an attachment to Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 1). Plaintiff was granted leave to proceed IFP on the same day. (Doc. 2). Defendants filed the instant motion to dismiss on July 20, 2011.

1

(Doc. 20). Plaintiff responded thereto on October 5, 2011. (Doc. 31). This motion is ripe for disposition.

### A. Standard of Review

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Emp.s' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). Nor must a court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

A. **Statute of Limitations**

In their motion to dismiss, Defendants argue that Plaintiff's claims are untimely under the applicable statute of limitations.[1]

It is well established that the statute of limitations of any section 1983 claim is the forum state's statute of limitations for personal injury suits. Mumma v. High Spec, Inc., 400 F. App'x 629, 631 (3d Cir. 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (overruled on other grounds)). The applicable statute of limitations in Pennsylvania is two years. 42 Pa.C.S.A § 5524. Accordingly, Defendants argue that, as Plaintiff's complaint was received on May 4, 2010, any claim based on events that took place prior to May 4, 2008, would be untimely. As Plaintiff alleges that the acts or omissions underlying his claims took place between April 13 and 29, 2008, a ruling in Defendants' favor on this issue would result in a dismissal of the complaint in its entirety.

Plaintiff counters that, while the Court indeed did not receive his complaint until May 4, 2010, he placed it in the prison mail system at SCI-Graterford no later than April 23, 2010, and the postmark on the envelope in which it was sent should reflect that fact. (Doc. 31-1 ¶ 2).

Pursuant to the so-called prison mailbox rule, a prisoner-plaintiff's complaint is deemed as having been filed on the date on which it is properly placed in the prison mailing system. See, e.g., Smith v. Pennsylvania Dep't of Corr., No. 10-22 Erie, 2011 WL 4573364, at *13 (W.D. Pa.

---

[1] To the extent that Defendants raise the affirmative defense that Plaintiff's claims are barred by the statute of limitations, their motion would be properly captioned as a motion for judgment on the pleadings, pursuant to Rule 12(c), and not as one seeking dismissal pursuant to Rule 12(b)(6). However, this distinction is largely academic, as there is no material difference in the standards of review for motions made pursuant to Rules 12(b)(6) and 12(c). Spruill v. Gillis 372 F.3d 218, 223 n.2 (3d Cir. 2004).

Sept. 30, 20011) (Baxter, Mag. J.) (citing Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2011)). Unfortunately, the postmark on the scanned copy of the envelope on the Court's electronic docket is illegible. See (Doc. 1-4 at 1). It is noted, however, that the timestamp on Plaintiff's institutional account statement is April 23, 2010 – indicating that the complaint, which arrived in the same envelope, could not have been filed prior to that date. See (Doc. 1 at 2).

Additionally, in both his response to Defendants' motion to dismiss and in the body of the complaint, Plaintiff alleges that he engaged in the administrative grievance process at ACJ. See (Doc. 31 at 3); see also (Doc. 3 at 3). To date, the United States Court of Appeals for the Third Circuit has declined to decide the issue of whether an inmate's attempt to exhaust the administrative remedies available to him tolls the statute of limitations in a section 1983 action. See Dasilva v. Sheriff's Dep't, 413 F. App'x 498, 502 n.3 (3d Cir. 2011). However, various district courts within this circuit have found that tolling of the statute should occur during this period of time. See Beckett v. Dep't of Corr., No. 1:CV-10-0050, 2010 WL 5092973, at *3 (M.D. Pa. Dec. 8, 2010) (citing cases). The undersigned finds authority to be persuasive.

For the reasons stated above, it is impossible, based on the complaint and supporting documents, to determine (1) the date on which Plaintiff placed the complaint in the prison mailing system; and (2) whether and for how long he is entitled to tolling of the limitations period due to the pendency of administrative grievances. As such, it is advisable to address the issue of whether some or all of Plaintiff's claims are untimely at the summary judgment stage.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended Defendants' motion to dismiss, (Doc. 21), be denied, without prejudice to Defendants' raising the statute of limitations defense at summary judgment, if appropriate.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by December 13, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                              s/Cynthia Reed Eddy
                                              CYNTHIA REED EDDY
                                              UNITED STATES MAGISTRATE JUDGE

Date: November 29, 2011

cc:
**JEVON EVERETT**
HW1387
PO Box 244
Graterford, PA 19426