IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEVON EVERETT,

    Plaintiff,

v.

NORT *Correctional Officer*, PENDEL *Correctional Officer*, ALLEGHENY COUNTY JAIL, SERGENT MOORE *Staff*, SERGENT RUBEL *Staff*, SERGENT KENGERSKI,

    Defendants.

10cv0561
**ELECTRONICALLY FILED**

**ORDER OF COURT RE: PRO SE PLAINTIFF'S MOTION FOR A NEW TRIAL (DOC. NO. 180)**

On February 27, 2014, an eight person jury returned a unanimous verdict in favor of all Defendants on *Pro Se* Plaintiff's excessive force claim. Doc. No. 168. Plaintiff filed a Notice of Appeal of this Court's Judgment Order to the United States Court of Appeals for the Third Circuit. Doc. No. 174 (USCA 14-1592). Presently before this Court is Plaintiff's Motion for a New Trial in which he moves this Court to convene an evidentiary hearing or new trial and appoint counsel. Doc. No. 180. Plaintiff bases his Motion on the following:

- Denial of Plaintiff's Motions to Appoint Counsel (Doc. Nos. 37, 108, 08/09/2012 Text Order);

- Allegheny County Jail Deputy Warden William Emerick declared in an affidavit that no videotape ever existed of the April 14, 2008, alleged excessive force claim. Plaintiff could not contest the affidavit because he was not represented by counsel;

- Brandyn Seabreeze (inmate witness summoned to Court at Plaintiff's request) was called by the Court when Plaintiff was not ready to call this witness;

- Exclusion of a newspaper article and denial of Plaintiff's Motion to Subpoena Federal Bureau of Investigation Dossier that Reveals Allegheny County Turmoil Over Abuse (Doc. Nos. 158-160); and

- Plaintiff's Proposed Final Jury Instructions and Verdict Slip were not fully adopted by the Court. Doc. Nos. 138, 141, 155-157

Both this Court and United States Magistrate Judge Cynthia Reed Eddy denied Plaintiff's Motions to Appoint Counsel for various reasons including: that civil litigants do not have a constitutional right to counsel, the "severe shortage" of attorneys with experience and knowledge in this area and who are willing to take cases pro bono, no showing that Plaintiff had many any attempts to retain counsel, and the absence of special circumstances to require appointment of counsel. Plaintiff more than adequately presented his claims during the two day jury trial. Plaintiff presented an opening argument, testified about the relevant events, examined witnesses (in the order and manner he chose), cross-examined witnesses, and presented a closing argument; he did so competently and without hesitation. The jury was presented with two versions of events. Ultimately, the jury found that Plaintiff did not prove all of the elements of his excessive force claim. The Court believes that this verdict was based on credibility determinations, not Plaintiff's *pro se* status.

Plaintiff argued throughout trial that a video tape of the alleged excessive force incident should exist according to the Jail's policies. Numerous witnesses were questioned whether the incident was videotaped, if a video existed, *etc.*. The jury was presented with sufficient testimony on this matter.

Plaintiff does not advance any rationale for this Court to reconsider its rulings on exhibits, his Motion to Subpoena FBI Dossier, or the Final Jury Instructions and Verdict Slip. The Court declines to disturb its rulings.

In sum, Plaintiff competently and thoroughly presented his claim to a jury of his peers based upon this Court's pre-trial rulings. This Court believes that there is no reason to reconsider its rulings or order a new trial.

AND NOW, this 27th day of March, 2018, IT IS HEREBY ORDERED THAT Plaintiff's Motion for a New Trial (Doc. No. 180) is **DENIED**. This case **REMAINS CLOSED**.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties

**JEVON EVERETT**
HW1387
PO Box 244
Graterford, PA 19426