IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEVON EVERETT,

        Plaintiff,

          v.

NORT *Correctional Officer*, PENDEL *Correctional Officer*, ALLEGHENY COUNTY JAIL, SERGENT MOORE *Staff*, SERGENT RUBEL *Staff*, SERGENT KENGERSKI,

        Defendants.

10cv0561
**ELECTRONICALLY FILED**

## ORDER OF COURT DENYING *PRO SE* PLAINTIFF'S SECOND MOTION FOR A NEW TRIAL, JUDGMENT AS A MATTER OF LAW
([ECF 187](#))

As previously noted by this Court in its prior Order denying *Pro Se* Plaintiff a new trial (see doc. no. 181), on February 27, 2014, an eight-person jury returned a unanimous verdict in favor of all Defendants on Plaintiff's excessive force claim. [ECF 168](#). Plaintiff filed a Notice of Appeal of this Court's Judgment Order to the United States Court of Appeals for the Third Circuit. [ECF 174](#) (USCA 14-1592). On April 29, 2014, the Court of Appeals dismissed Plaintiff's appeal for failure to timely prosecute. [ECF 184](#).

Presently before this Court, is Plaintiff's Second Motion for a New Trial, Judgment as a Matter of Law in which he claims that he has now discovered that Taser International should have been a defendant in this case because its product (a taser) was defective and allegedly could have killed him when he was tased by Defendants. Plaintiff moves this Court to allow him amend his Complaint to add Taser as an Additional Defendant. See [ECF 187](#).

This Motion will be denied for the following reasons.

First, the doctrine of *res judicata* bars Plaintiffs Motion. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). As noted above, Plaintiff raised his taser claim and had a full jury trial wherein the jurors returned a unanimous verdict in favor of the Defendants. He may not add a claim against a "newly discovered" potential defendant at this juncture of his closed and resolved case.

In addition, Plaintiff is time barred from bringing this product liability claim against Taser International. "Under Pennsylvania law, plaintiffs may recover on a theory of strict liability where a product in a defective condition unreasonably dangerous to the consumer or user causes harm to the plaintiff." *Barnes v. American Tobacco Co.*, 161 F3d 127, 148 (3d Cir. 1998), *quoting Spino v. John S. Tilley Ladder Co.*, 696 A.2d 1169, 1172 (Pa. 1997). Under Pennsylvania law, the statute of limitations starts running when a plaintiff's cause of action accrues. *Id.* The statute of limitations in Pennsylvania for strict liability claims is two years. 42 Pa.C.S.A. § 5524. Thus, Plaintiff's alleged product liability claim against Taser International accrued two years for the date of Plaintiff's tasing incident. He is well past that date.

For these reasons, the Court will deny Plaintiffs Motion.

# ORDER OF COURT

AND NOW, this 28th day of September, 2017, IT IS HEREBY ORDERED that Plaintiff's Motion for a New Trial, Motion for Judgment as a Matter of Law (ECF 187) is **DENIED**. This case **REMAINS CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

**JEVON EVERETT**
HW1387
PO Box 244
Graterford, PA 19426